Next case on the docket is Bradley v. City of Marion and others. Cause number 5-14-0267 And when we kind of settle down and ready here, Mr. Hannigan, whenever you're ready. Thank you, Your Honor. May you please support the counsel. My name is Steve Hannigan. I represent the plaintiff, Captain Bradley, in this matter. The issue in this case has been moving from Circuit Court of Williamson County not undertaking jurisdiction to hear a case, a declaratory judgment action that was filed by the plaintiff, Captain Bradley, in this case. The plaintiff had filed a declaratory judgment action asking, in two counts, asking, first of all, whether under the circumstances of this case the plaintiff was allowed to continue to seek benefits under the Illinois Workers' Compensation Act. After a third-party settlement of his claim, when there had been no agreement to conclude his workers' compensation claim, there had been no approval by the Illinois Workers' Compensation Commission of any conclusion of the plaintiff's right to continue his workers' compensation benefits. Do you agree that the basic issue that was put before the court was can the petitioner, the claimant, continue to seek benefits? That was the first issue, yes. And why would that not be within the exclusive jurisdiction of the Workers' Compensation Commission? Well, there were two Illinois Supreme Court cases that we had cited that indicated that in this particular situation, when there has been no approval of a settlement contract in the workers' compensation claim, then the courts are governed by Section 23 of the Illinois Workers' Compensation Act that says there has to be an approval before a petitioner... I understand, but I'm talking about why was the circuit court wrong, saying this is a question for the commission? Because as a matter of law, this issue is decided by Section 23 of the work contract. No approval, therefore, as a matter of law, he is entitled to continue to assert his right to benefits. Well, the petitioner may or may not be right, but the issue before this court is who decides that, the commission or the court? In this situation, the commission and the circuit court have concurred jurisdiction. And under the authority of the Supreme Court in the case of employers' mutual versus skilling, because this is an issue to be decided as a matter of law under Section 23, this is something that the circuit court should have exercised primary jurisdiction over. Well, I mean, that's not really the holding of skilling. Skilling involved interpretation of an insurance contract and whether or not there was coverage for a particular claim. You know, there are... Heartline, for example, the Supreme Court says, in issues regarding benefits, it's up to the commission to decide. There's also a case out of this court called Hollywood Trucking, in which this court said the same thing, that the Workers' Compensation Commission has exclusive jurisdiction over issues regarding benefits. But I think the cases the court's raising at this point have to do with matters that are within the specialized knowledge of the Workers' Compensation Commission. Answering questions such as should medical treatment be allowed, should temporary total disability benefits be paid. In this particular situation, we're dealing solely with the question of was Section 23 compliant. It's a question of law. The respondents, the defendants in this case have produced absolutely no approved settlement contract, no approved agreement by the Workers' Compensation Commission. And based on the Maxit case and the International Coal case that we had cited, as a matter of law, the plaintiff is entitled to continue his claim for workers' compensation benefits. Because it is something decided as a matter of law here, it does not involve factual disputes which the commission would, by their expertise and their skill, would have the ability to answer. It's our position the circuit court should have exercised primary jurisdiction in this matter and ruled in the plaintiff's favor on this issue. That's the only issue before the court is the issue of jurisdiction, right? That's the only issue before the court. I mean, everybody in their briefs kind of got off into the merits and talked a lot about the merits of the thing, but really the only thing for us to decide is either we affirm the circuit court and say you were correct in dismissing it or we reverse and remand for the circuit court to then decide the merits. Technically, you're correct. The reason why there was a discussion about the merits here is because these issues can be decided as a matter of law with respect to the settlement issue, the agreement, and the right of the petitioner to continue his claim for workers' compensation benefits. We didn't just discuss that. Okay, so let me just kind of ask this a different way. You have a pending workers' compensation claim for Mr. Bradley, and you're still seeking benefits in that claim. Correct. So at this point, what you want the circuit court to do while that claim is pending is in effect enter a judgment telling the commission he is still entitled to benefits. We are not. It's actually the reverse. What we're asking is the circuit court to enter into order informing the workers' compensation commission that his right to additional benefits has not been terminated. That's not to suggest that the commission has to find in favor of the petitioner or that the circuit court is imposing its decision on the commission other than to say the plaintiff has not denied his right to continue workers' compensation. Well, I mean, at this point, he's never received any permanent benefits, permanent partial or permanent total or anything like that. Isn't that correct? As well as has not received his additional medical treatment. So, I mean, if their defense that he settled it is no good, then, of course, he's certainly going to get benefits. Correct. So isn't that exactly what the circuit court would be saying if the circuit court ruled in your favor? No, I disagree. He gets more benefits? I disagree. I don't think that the circuit court is in any way telling the workers' compensation commission that the petitioner is entitled to benefits. What benefits? Correct. The circuit court would be saying, you know, he didn't go forward with his claim. He has not resolved it by settlement. He is correct. He has not resolved it by settlement. Therefore, the commission then will consider the issue, consider the matters involved, and determine what is any benefits the petitioner is entitled to receive. Why couldn't the employer raise this as a defense in the workers' compensation proceeding? They potentially could, but, again, it's decided as an issue of law. That's why the circuit court is the appropriate place to do this. If we go to the workers' compensation commission, what ends up happening is the petitioner ends up having to try this case before the commission in order to get a ruling. In order to do that, the petitioner has to obtain his medical testimony. Because he requires additional medical treatment, he ends up having to do this as a petition for immediate hearing under Section 19B of the Warren Compact. Then the commission or the arbitrator issues a decision. It then goes to the commission. Nine months or a year later, the commission issues a decision. And then six months after that, we are sitting in the circuit court asking the circuit court to decide these exact same issues. Sounds inconvenient, but that's the procedure that's set up in workers' compensation cases. And whether or not it's a longer procedure or it's inconvenient isn't something that enters into our decision-making. It's a question of who has jurisdiction over this kind of issue. It's the exact reason why declaratory judgment actions were developed to begin with, is to enable the parties to avoid the inconvenience, the delay, the expense of pursuing matters in this situation, the Workers' Compensation Commission, in order to raise the issues immediately now in the circuit court, in order to allow the circuit court to render an opinion on the issues of the law. I mean, that seems to be the basis for this. That's the reason for the declaratory judgment actions in the first place. Neither the defense nor the petitioner in this situation should be required to undergo what probably would be a two-year to three-year, maybe more delay, plus the expense of presenting medical witnesses to the Workers' Compensation Commission, all just for the ability to get before the court to answer the question of whether or not he's entitled to proceed in the first place. That, to me, seems to be the basis for declaratory judgment to begin with. Have I answered the question? Yeah. Go ahead. I mean, this is an unusual appeal. I think it's the first appeal I've ever seen where nobody is in favor of the trial court's ruling. Everybody's against the trial court's ruling. I think I probably speak for all the parties up to this point in time as far as the argument is concerned. Well, you could have all got together and filed one brief really because the only issue is the jurisdiction. But potentially, again, technically that is the only issue, but the plain fact of the matter is the way it's set forth in the brief, each of these issues can be ruled on as a matter of law. In fact, with respect to the question of the petitioner being able to continue his benefits, the lack of an approved settlement contract, the lack of any agreement approved by the Workers' Compensation Commission, under the authority of the Supreme Court in both Maxson and the international poll case, indicate that as a matter of law, the petitioner is entitled to continue these benefits. There's no factual issue. With respect to the release issue, there was a release. I'm really not trying to be too argumentative here, but the Workers' Compensation Commission is charged with determining issues of law. Do you agree with that? They can. And they do all the time, don't they? That's correct. And those issues of law that they, although the commission is the trier of fact, when those go up to the circuit court or the appellate court or the Supreme Court, then it's de novo review. Correct. But simply because something is an issue of law, that doesn't mean you can pull something out of every Workers' Compensation case and go to court and get a declaratory judgment as to that issue. You agree with that, don't you? I mean, if it were the determiner factor in a case such as what we have in the present case, then yes, you could. I'm not suggesting that the questions of law dealing with the things requiring specialized knowledge and expertise of the commission would be something you could do that on. But as in this particular case, this is the basis for the dispute. Once these issues are resolved, then the case proceeds through the Workers' Compensation Commission, just as any other case would. Well, here the employer is going to, this goes back to the commission, the employer is going to come in and say we're entitled to credit for what he got on the third-party case. Well, that's the second issue in the declaratory judgment. And the commission is going to say why. And they're going to say he got this extra money. And you're going to say they signed a release. Correct. And a year and a half to two years later, or three years later, we're back before this court arguing the same thing we're arguing right now. Didn't Judge Blier's ruling also say that there were disputed questions of fact? He stated there were disputed questions of fact. Our position in this case, as mentioned in the brief, is that those positions of fact do not create any dispute that needs to be determined because this case is decidable as a matter of law. When we deal with the question of the release, as we had talked about, the release is clear on its face. The release is a contract, and like any other contract, it's interpreted by the terms that are in the forefront of the document. The release itself says we release the plaintiff or Patton Bradley, his attorneys, everybody else under the sun for any additional compensation due to us because of the Section 5A of the Workers' Compensation Act. We give up our right to have any additional compensation and that it's full satisfaction of the debt. This release was signed under a situation where they knew the plaintiff had not given up his workers' compensation, his right to additional workers' compensation. They received consideration. Under the terms of contract law, it is a decision that can be made on the facts as they exist, as a matter of law. They can't reopen the contract. They can't reopen it and say, well, we forgot something. We wanted to put in, incidentally, that the plaintiff gave up his right to additional workers' compensation benefits. Not only can they not do that, but if they attempted to do that, it's improper. It's, as a matter of law, something that will not be allowed because it violates Section 23 of the Workers' Compensation Act. It's not approved by the Workers' Compensation Commission. So essentially, that's the plaintiff's position on this matter. We asked the court to reverse the Circuit Court of Williamson County, and in particular, because these issues can be decided as a matter of law, and because the law favors the petitioner in this situation, we asked the appellate court to enter or direct the Circuit Court to enter an order finding in favor of the petitioner and the plaintiff on both of these counts. All right. Thank you, Mr. Kennedy. Mr. Keene? Yes, Mr. Kennedy. Keene? Sorry. May it please the Court, Counsel? Good morning, Your Honors. My name is Doug Keene. I represent the City of Marion and IPRF, the workers' compensation carrier, in this matter. I agree with Your Honors that the actual issue here on appeal is the jurisdiction of the court. I agree with that. I agree with the plaintiff's attorney on that issue. I believe that a circuit court should determine these issues as they are legal questions. I don't believe that the issues here fall within the exclusive or the specialized or technical expertise of the commission. I don't believe they do. I believe this is an issue that the circuit court can decide and that it does have primary jurisdiction to do so. And I understand the court's question there as to whether this involves benefits and does the workers' compensation commission deal with benefits. They certainly do. They determine benefits all the time. And credits. On the defense side, they deal with credits. And they can certainly do that. I agree, Your Honor. But in this case, I don't believe it's a similar case. This is in a situation where the plaintiff filed a civil lawsuit against Mormon Farms. A global settlement was reached. It wasn't just a workers' compensation case where did he waive his benefits or not. This was a global settlement involving Mormon Farms. Each party agreed to a certain performance in the future. It was a global settlement, so each party is depending on the other one to perform in this case. If we go back to the workers' compensation commission and have them determine the case, what happens to Mormon Farms? That's why we have brought them into this case. That's why we filed. That's why Marion and IPRF filed a third-party complaint to bring in Mormon Farms because if this settlement falls apart, they're not going to be a party in the workers' compensation commission. There's no action filed to try to undo this settlement, is there? I mean, really, what everybody is asking is that it be interpreted as to whether or not it included any further claim for workers' compensation benefits. I agree it is an interpretation issue. How a court determines the issue, the circuit court, how the circuit court determines that issue, I don't know. If there was not a meeting of the minds, if the plaintiff and his attorney at the time didn't understand that he was waiving further workers' compensation benefits, I don't know. I don't know what their position is going to be because the circuit court didn't exercise jurisdiction and let us present the facts as to the terms of the settlement. So I understand this court does not have a record of those terms, but if the court would exercise jurisdiction, we would present that and the court would then make a ruling as to the effect of those facts. And that's what I believe should have happened here. I don't think that's in the technical or specialized expertise of the commission. Are there factual disputes about what happened in this settlement? Well, there are facts as to whether the global settlement included a waiver of the plaintiff's future or further benefits. There's a factual dispute about that issue? Yes, I think that is the factual dispute, but the legal question here is the effect of that, the effect of whether he can do that. Can the plaintiff waive benefits? And I think that's what we need the circuit court to determine because it's certainly our position that he did that. And I think that's a question that the circuit court can certainly determine in this case. Now, in the briefing, the plaintiff went further, and then not only does he want to claim that we did not – that approval is necessary, so we did waive the benefits. He wants to then hold Marion and IPRF to the release of lien. And to me, that just doesn't make any sense. You can't have it both ways there. So – and I understand that that's really an issue that the circuit court needs to determine. That's not an issue for this court today. But I do want to address that, that certainly the agreement was Marion and IPRF will release the lien because you're not going to seek any further benefits. That was the agreement. And I guess Mr. Hannigan would say even if that was the agreement, it doesn't matter because you didn't get it approved by the commission. It's unenforceable. That is their position. That is true. But in this case, the plaintiff actually dismissed his workers' compensation case. So he said he was going to dismiss it with prejudice. He dismissed it, and then we relied upon that, issued the release of lien, and then he would be filed six days later. Whether he was luring us into that or not, I don't know. But that was the series of events there. So he actually dismissed his claim. If he dismisses his workers' comp claim and never refiles, he terminated his benefits without approval of the commission. Can he do that? We would like the circuit court to determine that. You want the circuit court to determine whether the plaintiff dismissed that claim and never bring it again? I want the circuit court to determine whether approval is necessary to waive further benefits, further workers' compensation benefits, whether approval is necessary or whether you can dismiss in the alternative, because that's the reason that Marion and IPRF released the lien because he dismissed the workers' compensation case. We thought he was performing on the contract, but then he reviled it. But I understand that that gets into the facts. Isn't that a factual dispute? That's the factual dispute between the parties as to the terms of the settlement, but the issue for the circuit court is the legal effect of that. Can you even do that? Can you even waive further workers' compensation benefits with or without approval of the commission? Isn't that something the commission would be interested in deciding, too? I don't know if they would be interested in it. They may. Doesn't it fall within their jurisdiction to be able to say, yes, we are going to approve any settlement for it to be binding? I think there would be concurrent jurisdiction. I think they could determine that. Here, the parties both agree that the circuit court has primary jurisdiction because the issue is not in the specialized expertise, the technical or specialized expertise of the commission. So we would ask the circuit court to determine that issue. And that's why we would ask that this court remand the matter to the circuit court for determination. Thank you, Your Honor. Mr. Rousseau, are you going to speak in favor of the circuit court? Is anybody here going to? Your turn. You're up. Thank you, Your Honor. Your Honor, I am not going to speak in favor of the circuit court. I am with the other counsel here recommending that the circuit judge's order be reversed. And although, again, the primary issue on appeal is the court's jurisdiction for judicial economy and to resolve issues, and given what is involved being primarily legal issues, I do think it is possible for Your Honors to rule on the other issues that are part of this matter. Really? You think we should just go ahead as a court of original jurisdiction and decide the merits of all these issues when the circuit court's never ruled on any of them? Given that the issues do – That would be quick and expeditious. It would. I mean – I think that is viable in this case because the issues are all matters involving law. As was discussed, there may be some disfetriot effects, but I don't think those are material. And I think under power in Rule 336 – Well, if that's the case, then the circuit court would have done you a favor by dismissing, because then you don't even have to bother with having a trial or anything there. You can just come up here and get the whole thing decided, and you don't have to worry about what would happen after he ruled, because you already know, because we would have told you. That is true, but I think there is some case law that I've found in other districts regarding if there are issues, legal issues that the trial court didn't get to based on dismissal or something else, that the court can issue opinions on those further issues if it does involve just issues of law. But, again, so really what I'm here to just talk about is Mormon Farms' involvement in this lawsuit. And, again, should Your Honors decide to rule on the key substantive issues involved and not just the jurisdictional issue, it is Mormon Farms' position that they are not a necessary party to the suit because their interests do not need to be represented in this case, and the interests of the other parties won't be affected whether or not Mormon Farms is there. Essentially, the settlement and the underlying liability suit was done as the employer and the workers' compensation area were involved in the case. They had intervened. There were settlement discussions with the judge. The workers' compensation was discussed. This is all memorialized in a court order. Counsel for Mr. Bradley's attorney sent a letter indicating the amount of the recoverable lien. The judge Frazier in the circuit court found that the case was fully settled. The workers' compensation lien was to be accounted for and paid out in settlement. That was done. Later, Mr. Bradley's employer, the city of Marion, they did prepare that document releasing the lien, and I think that evidence is that they provided consent to this settlement between Mormon Farms and Mr. Bradley. So, essentially, given that, given the judge Frazier's taking the employer's interests into account in the settlement, finding that their lien was being satisfied up to the amount they were entitled to at the time of the settlement, and given the fact that Mr. Bradley, if he did seek additional workers' compensation benefits, his right to set off on those future benefits could be decided by the workers' compensation commission. So, given the circumstances of the settlement, which I just discussed, which are not disputed in terms of the facts, I think that that satisfies the requirements under 5B of the Workers' Compensation Act that essentially, again, requires that the plaintiff and the employer approve a settlement between the plaintiff and the third party, allegedly a fault liable party. So, for those reasons, again, I think given that the key issues are legal in nature, I think that the circuit court's order should be reversed, and your honors should rule on the other substantive issues discussed in the briefs, and that your honors should find that Bradley's settlement with Mormon Farms was valid, and that the interests of Bradley's employer were protected in that settlement, thereby making Mormon Farms' participation in any pending dispute between Bradley and his employer essentially irrelevant, and that Mormon Farms be dismissed. Great. Thank you, sir. Anything else? Any rebuttal? Just briefly, your honor. Counsel for the insurance carrier in the city of Marion had indicated to the court that the reason they signed this release was because the plaintiff, Patton Bradley, had dismissed his workers' compensation claim. The difficulty that we have with the defendant's argument here is that the dismissal of the workers' compensation claim does not affect the petitioner's right to additional benefits. The reality is that's when the petitioner was changing attorneys. That's when the petitioner had discharged Joshua Bradley and had hired our firm to represent him. I would also point out this. As he mentions, and they mention in their brief, they essentially accused the plaintiff of lulling the defendants into some sense of security, a false sense of security, by dismissing the workers' compensation claim. It's well known in workers' compensation that the dismissal has no bearing whatsoever on the petitioner's right to continued benefits. More importantly in this situation, they were required to execute this release as a term of the settlement of the underlying third-party claim. So the waiting for them to issue this release makes complete sense when you realize that until that release is signed, they can still raise the defense that they were entitled to correct. So it makes complete sense that the petitioner would wait until the release is complete and all the paperwork from the third-party claim is done to evidence the fact that the settlement was he did not give up his right to future workers' compensation benefits and the respondent did give up their right to any additional credit. That was part of the terms of the third-party settlement. So in this particular situation, while they want to blame the plaintiff, they want to blame Patton Bradley for somehow or another lulling them into a sense of security, the insurance carrier deals with workers' compensation claims day in and day out. The defense attorneys do that as well. They know they needed a dollar settlement contract. They admit that in their pleadings. They say, we know that we needed a dollar settlement contract. And then they have the gall to allege the plaintiff was the one who was supposed to prepare this contract. But there was no contract. There was no agreement, and even if there were an agreement, it wasn't approved by the commission, and the petitioner and the plaintiff is still entitled to additional workers' compensation benefits. They signed the release saying that they accepted the $190,000 as full and final settlement in satisfaction of their compensation, knowing he still had a right to additional benefits. Now they want to come back and they want to change the terms. And they shouldn't be allowed to do so. Thank you, Mr. Hannigan. Thank you all for your briefs and arguments. We'll take this matter under advisement and issue a written decision in due course.